UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-60294-SINGHAL/STRAUSS

**GREGG MORRISON**, *et al.*,

    Plaintiffs,
v.

**FAMILY DOLLAR STORES, LLC**, *et al.*,

    Defendants.
_____/

**ORDER**

THIS MATTER came before the Court upon Defendants' Motion to Stay Discovery Pending Adjudication of Motions to Dismiss ("Motion") [DE 98], which has been referred to me for appropriate disposition [DE 117]. I have reviewed the Motion, the Response [DE 105] and Reply [DE 107] thereto, and all other pertinent portions of the record.

"District courts have 'broad discretion to stay discovery pending a decision on a dispositive motion.'" *Jefferson v. State Bar of Ga.*, No. 22-12835, 2023 WL 569458, at *2 (11th Cir. Jan. 27, 2023) (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308-09 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Thus, a district court generally does not abuse its discretion by staying discovery pending the resolution of a dispositive motion to dismiss that raises a facial challenge to the legal sufficiency of a complaint. *See id.*; *Chudasama*, 123 F.3d at 1367-68; *Olufemi v. Exclusive Ass'n Mgmt.*, No. 23-10752, 2024 WL 710547, at *1 (11th Cir. Feb. 21, 2024). After all, "[d]iscovery imposes high costs on the court and on litigants in time and

resources, and thus, any claim that is not viable should be dismissed before discovery whenever possible. *Olufemi*, 2024 WL 710547, at *1 (citing *Chudasama*, 123 F.3d at 1367-68).

Nevertheless, a district court is not required to stay discovery whenever a motion to dismiss is filed, especially when the motion will not dispose of the entire case. *See Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021). But "where a pending motion may dispose of the entire action, granting a stay of discovery not necessary for resolution of the motion may be justified." *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. 2023). To evaluate whether a stay is appropriate, courts often take a preliminary peek at the motion to dismiss, albeit without extensively considering the merits of the motion. *See, e.g.*, *Barker v. Cap. One, N.A.*, No. 24-61987-CIV, 2025 WL 325539, at *1 (S.D. Fla. Jan. 29, 2025); *Ultimo Glob. Holdings, LLC v. RC-1, Inc.*, No. 24-60764-CIV, 2024 WL 4120682, at *1 (S.D. Fla. July 31, 2024).

Here, Defendants have filed two separate motions to dismiss [DE 86, 97]. In the first motion to dismiss [DE 86], all Defendants seek dismissal on Article III standing grounds. Additionally, two of the Defendants seek dismissal on personal jurisdiction grounds. In the second motion to dismiss [DE 97], all Defendants raise numerous arguments for dismissal on Rule 12(b)(6) grounds. Some arguments go to all claims; other arguments pertain to only certain claims.

After taking a preliminary peek, I agree with Defendants that a stay of discovery at this time is reasonable and that good cause exists to stay discovery pending further consideration of Defendants' motions to dismiss. First and foremost, Defendants' standing argument, if successful, would result in dismissal of this entire action (without prejudice). But even if the Court were to find that Plaintiffs have standing, certain arguments in Defendants' Rule 12(b)(6) motion could, if successful, result in dismissal of this entire action. Although I will need to further analyze the

parties' arguments, my preliminary peek at the motions to dismiss and the briefing thereon reveals that Defendants *may* be successful in obtaining dismissal of this action.  To be clear, *may* does not mean *will*, and the parties should not construe this Order to mean that dismissal is likely or unlikely.  I have not reached a conclusion yet.  The parties' briefing is voluminous, and I will need to carefully review the parties' arguments and applicable law before reaching any conclusion.

All I find at this time is that a stay of discovery pending further consideration of the motions to dismiss is reasonable and supported by good cause.  That is especially so given that discovery in this action is likely to be extremely extensive.  Plaintiffs' First Amended Class Action Complaint ("FAC") [DE 82] is roughly 200 pages and contains 629 paragraphs.  Moreover, this action includes 32 named Plaintiffs and almost as many Defendants (though Defendants are related entities).  Further, Plaintiffs' FAC seeks certification of 20 classes from 20 different states and includes a class period (for each class) that exceeds two years.  Additionally, the FAC implicates dozens (if not hundreds) of different products that Defendants sold in those states during the class period.  Needless to say, discovery in this case is likely to be very expensive and time-consuming.  Given the types of challenges that Defendants raise in their motions to dismiss and the high costs that will come with discovery in this matter, a stay of discovery is appropriate.[1]

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion [DE 98] is **GRANTED**.  Discovery is hereby stayed pending the District Court's ruling on the motions to dismiss [DE 86, 97], absent further Order.[2]

---

[1] I have also considered Plaintiffs' argument that they would be prejudiced by a stay of discovery. *See* [DE 105] at 14.  Because I find Plaintiffs' prejudice argument entirely unavailing, I do not discuss it further.

[2] For instance, if I were to recommend denial of the motions to dismiss, I would likely enter an order lifting the stay of discovery at the time I issue my report(s) on the motions to dismiss. However, absent further order, the stay of discovery will automatically expire at the time the District Court rules on the motions to dismiss (absent dismissal of the entire action).

It is further **ORDERED** that Defendants' Motion to Set Status Conference [DE 118] is **DENIED**.  In light of the stay of discovery, I find that a status conference is not necessary at this time.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 1st day of April 2025.

Jared M. Strauss
United States Magistrate Judge